## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JERRY CONLEY, et al., | )<br>) |
|       Plaintiffs, | ) Case No. 2:11-cv-01415-JCM-GWF<br>) |
| vs. | ) **REPORT AND**<br>) **RECOMMENDATION** |
| | ) Application to Proceed in Forma |
| WELLS FARGO BANK, et al., | ) Pauperis (#3)<br>) |
|       Defendants. | )<br>) |

       This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#3), filed on September 19, 2011. Plaintiff filed his original Application to Proceed in Forma Pauperis on September 2, 2011. On September 14, 2011, the Court denied Plaintiff's application because is was incomplete and granted Plaintiff leave to amend the noted deficiencies. (*See* #2.)

       Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in federal district court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. 28 U.S.C. § 1915(a)(1). The standard in 28 U.S.C. § 1915(a)(1) for in forma pauperis eligibility is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed in forma pauperis, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g., Fridman v. City of New York*, 195 F.Supp.2d 534, 536 (S.D.N.Y.), aff'd, 52 Fed.Appx. 157 (2nd Cir. 2002).

In Plaintiff's application to proceed in forma pauperis, Plaintiff indicates his household income is over $4100 per month from retirement and unemployment payments. Plaintiff also lists out several household expenses totaling approximately $2200 per month.  Considering Plaintiff's monthly expenses in combination with his monthly income, it appears Plaintiff has approximately $1900 a month in discretionary income.  When asked for any additional information that will help explain why the Plaintiff is unable to pay the costs of this proceeding, Plaintiff indicated that "both [him and his wife are] out of work" and the "last 3 years [their] income [has] dropped drastically." Unemployment and the resulting reduction in income is insufficient to warrant in forma pauperis status.  Based on the financial information provided, the Court finds that Plaintiff has the ability to pay the fees associated with bring this case.  Accordingly, upon consideration of the financial information provided, and to maintain the integrity of the indigent request process, the Court recommends that plaintiff's application to proceed in forma pauperis be denied.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Application to Proceed in Forma Pauperis (#1) be **denied**.  Plaintiff therefore shall submit to the clerk's office the $350.00 fee for filing a civil action on or before **Monday, October 31, 2011**, or the above-captioned case shall be dismissed.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order

and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 11th day of October, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge